UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NANCY MCBRAYER,**
**JERRY MCBRAYER,**

          **Plaintiffs,**

-vs-                                        Case No.  6:07-cv-2013-Orl-19GJK

**BANK OF AMERICA, N.A.,**

          **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiffs Nancy McBrayer and Jerry McBrayer's Complaint (Doc. No. 3, filed Dec. 27, 2007);

2. Defendant's Motion To Dismiss Plaintiffs' Amended Complaint (Doc. No. 14, filed Jan. 25, 2008); and

3. Plaintiffs' Response To Defendant's Motion To Dismiss First Amended Complaint (Doc. No. 15, filed Feb. 4, 2008).

## Background

Plaintiffs Nancy McBrayer and Jerry McBrayer originally brought this case against Defendant Bank of America, N.A. in state court, alleging: (I) negligent misrepresentation; (II) breach of the covenant of good faith and fair dealing; and (III) loss of consortium.  (Doc. No. 2 at pp. 1-6, filed Dec. 20, 2007.)  Defendant removed the case to this Court and moved to dismiss Plaintiffs' Complaint.  (Doc. No. 3, filed Dec. 27, 2007.)

Plaintiffs did not respond to Defendant's first Motion to dismiss but instead filed an Amended Complaint. (Doc. No. 13, filed Jan. 7, 2008.) In the Amended Complaint, Plaintiffs alleged five causes of action: (I) interference with rights under the Employee Retirement Income Security Act ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C.) (2006); (II) breach of the covenant of good faith and fair dealing; (III) promissory estoppel; (IV) negligent misrepresentation; and (V) loss of consortium. (*Id.*) Defendant has filed a Motion to dismiss Plaintiffs' Amended Complaint, arguing that: (1) Plaintiff Nancy McBrayer has failed to exhaust her administrative remedies under ERISA; (2) ERISA preempts Plaintiff Nancy McBrayer's state law claims in Counts II, III, and IV; (3) Plaintiff Nancy McBrayer's claim for breach of the covenant of good faith and fair dealing fails to state a cause of action; and (4) Plaintiff Jerry McBrayer's derivative loss of consortium claim fails to state an independent cause of action because of the dismissal of Plaintiff Nancy McBrayer's claims. (Doc. No. 14, filed Jan. 25, 2008.) Plaintiffs have filed a Response opposing Defendant's Motion in part. (Doc. No. 15, filed Feb. 4, 2008.)

**Standard of Review**

**I.     Motion to Dismiss Under 12(b)(1)**

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant

can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001); *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id*. at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id*. A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

**II.     Motion to Dismiss Under 12(b)(6)**

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading. *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). The Court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

**I.    Uncontested Matters**

Defendant argues that the Court should dismiss Plaintiff Nancy McBrayer's state law claims of breach of the covenant of good faith and fair dealing, promissory estoppel, and negligent misrepresentation, because these claims are preempted by ERISA. (Doc. No. 14 at pp. 8-11.) Plaintiffs respond:

> Because Mrs. McBrayer's state law claims in Counts II through IV for breach of covenant of good faith and fair dealing, negligent misrepresentation, and promissory estoppel–based on [Defendant's] recision of its mandate for Mrs. McBrayer to return to work–appear to be insufficiently distinct from the subject matter preempted by ERISA, undersigned Counsel withdraws those claims.

(Doc. No. 15 at p. 5.) Therefore, the Court grants Defendant's Motion to dismiss Counts II, III, and IV of the Amended Complaint as uncontested.

**II.    ERISA Claim**

Defendant asserts a factual challenge to the Court's subject matter jurisdiction over Plaintiff Nancy McBrayer's ERISA claim. (Doc. No. 14 at pp. 3-8.) The Eleventh Circuit Court of Appeals has found that a plaintiff must exhaust his or her remedies under the ERISA plan at issue before that plaintiff may bring an ERISA claim in federal court. *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985). District courts have discretion to excuse the exhaustion requirement "when resort to administrative remedies would be futile or the remedy inadequate." *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). While exhaustion is a prerequisite to filing an ERISA claim in federal court, this prerequisite is not a jurisdictional

requirement.[1]  Thus, the correct rule under which to analyze a Motion to dismiss for failure to exhaust administrative remedies under ERISA is Rule 12(b)(6).

Plaintiff Nancy McBrayer alleged in the Amended Complaint:

Exhaustion of all available administrative remedies under BOA's employee welfare benefit plan was impossible for Mrs. McBrayer because BOA's claims procedures prove futile; or, alternatively, Mrs. McBrayer has exhausted all available administrative remedies under BOA's employee welfare benefit plan before bringing suit.

(Doc. No. 13 at p. 4, ¶ 23.)  Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the allegations of the Complaint as true and determine whether these allegations state a claim upon which relief can be granted.  *Jackson*, 21 F.3d at 1534.  Since Plaintiff Nancy McBrayer has pled exhaustion of remedies or, in the alternative, futility of exhaustion, the Court must not dismiss her claims under ERISA.

### III.   Loss of Consortium Claim

Defendant argues that Plaintiff Jerry McBrayer's loss of consortium claim fails because it is derivative of Plaintiff Nancy McBrayer's claims.  (Doc. No. 14 at pp. 13-14.)  Since Plaintiff Nancy McBrayer's claims must be dismissed, Defendant argues, Plaintiff Jerry McBrayer's claim

---

[1] The Supreme Court has stated: "Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). The Second Circuit Court of Appeals said of this language: "Recently, however, the Supreme Court has admonished lower courts to more carefully distinguish between jurisdictional rules and mandatory claims-processing rules . . . ."  *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 203 (2d Cir. 2007).  A requirement that can be waived or excused is not jurisdictional.  *See Kontrick*, 540 U.S. at 456.  Since the exhaustion prerequisite can be excused by a district court, it follows that exhaustion is not a jurisdictional requirement.

must also be dismissed. (*Id.*) This argument is premised entirely on the Court's dismissal of *all* of Plaintiff Nancy McBrayer's claims. Since the Court has not dismissed Count I of the Amended Complaint, Plaintiff Nancy McBrayer's ERISA claim, Defendant's argument fails. Therefore, Defendant's Motion to dismiss Count V of the Amended Complaint must be denied.

## Conclusion

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to dismiss Plaintiffs' Amended Complaint. (Doc. No. 14.) The Court **GRANTS AS UNCONTESTED** Defendant's Motion to dismiss Counts II, III, and IV of the Amended Complaint. The Court **DENIES** Defendant's Motion to dismiss Counts I and V of the Amended Complaint. Defendant's first Motion to Dismiss is **DENIED AS MOOT**. (Doc. No. 3.) Plaintiffs have leave to file a Second Amended Complaint that comports with this Order within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 13, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record